UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
Civil Action No. 3:20-cv-346-JRW

KEVIN R. TURNER                                                                   PLAINTIFF

V.                        **VERIFIED COMPLAINT**

JEREMY D. MABE                                         DEFENDANTS
*Individually and in his official*
*Capacity as Kentucky State Trooper*

    *Serve: Jeremy D. Mabe*
          *Kentucky State Police Post 4*
          *820 New Glendale Road*
          *Elizabethtown, Kentucky 42701*

KENTUCKY STATE POLICE

    *Serve: Rodney Brewer*
          *Commissioner, Kentucky State Police*
          *KSP Headquarters*
          *919 Versailles Road*
          *Frankfort, Kentucky 40601*

and

COMMONWEALTH OF KENTUCKY

    *Serve: Hon. Daniel Cameron*
          *Kentucky Attorney General*
          *700 Capital Avenue*
          *Suite 118*
          *Frankfort, Kentucky 40601*

\*\* \*\* \*\* \*\* \*\* \*\*

Comes the Plaintiff, KEVIN R. TURNER, by and through counsel, and for his Verified Complaint, states as follows:

## PARTIES

1. Plaintiff was and is, at all times relevant herein, a citizen of Eastview, Hardin County, located in the Western District of Kentucky.

2. Defendant Jeremy D. Mabe was and is, at all times relevant herein, employed by the Defendant Kentucky State Police (KSP), a law enforcement agency and subdivision of the Defendant Commonwealth of Kentucky. At all times pertinent hereto, Defendant Mabe was acting in such capacity under the color of state law, within the course and scope of his employment, and as an agent, servant and/or employee of Defendant Kentucky State Police (KSP), under authority of the Commonwealth of Kentucky. The Defendant Mabe is sued herein in his official and individual capacity.

3. Defendant Kentucky State Police (KSP) is a law enforcement entity, organized subdivision of and operating under the laws and regulations of the Commonwealth of Kentucky.

4. Defendant Commonwealth of Kentucky is a state, organized and operating under the laws of Kentucky and the United States.

## JURISDICTION

5. This action arises under the United States Constitution, particularly under the provisions of the Fourth and Fourteenth Amendments, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983.

6. That this Court possesses jurisdiction for this case under 28 U.S.C. Sections 1331 and 1343, and this Court has pendent jurisdiction of Plaintiff's state court claims pursuant to 28 U.S.C. Section 1367.

7. That the amount in controversy exceeds $75,000, exclusive of interest, costs and attorney fees.

## MATERIAL FACTS

8. On or about Monday, May 20, 2019, Plaintiff was home with his minor daughter, K.T. Plaintiff and the minor had adversarial words, which culminated in K.T. reporting the incident to her manager at work the next day.

9. On or about Thursday, May 23, 2019, Defendants Mabe and Kentucky State Police (KSP) went to Plaintiff's home to speak with the minor K.T.

      Because K.T. was a minor and had been in trouble with the law before, Plaintiff believed Defendants were there to question and/or arrest K.T. and refused to let Defendants speak to her. Plaintiff wanted to be present for the questioning of K.T. or at the very least have an attorney present with her.

10. Upon said refusal and without probable cause, Defendants Mabe and KSP forced their way into Plaintiff's home without consent, assaulted and battered the Plaintiff, then decided to place Plaintiff under arrest and to take the minor K.T. into "protective custody" to cover their violent, malevolent and unlawful behavior.

11. Plaintiff was charged with "Obstructing Governmental Operations" and Menacing" at the scene and subsequently charged with "Assault IV", three bogus misdemeanors in a continuing attempt by Defendants to cover their violent, malevolent and unlawful behavior.

12. Defendant Mabe also falsely reported the facts surrounding the "incident" in his report in an effort to deceive prosecutors and investigators as to the true facts and in a continuing attempt to cover his violent, malevolent and unlawful behavior.

13. On or about October 21, 2019, the charges of Obstructing Governmental

Operations, Menacing and Assault IV were dismissed on motion of the prosecutor.

## COUNT ONE – WRONGFUL ARREST AND UNLAWFUL IMPRISONMENT

14. Plaintiff adopts, alleges and incorporates by reference, each and every averment, allegation or statement contained in paragraphs 1 through 13 of this Complaint.

15. That the aforementioned conduct of Defendants amounts to the unreasonable search and seizure of Plaintiff's person within the meaning of the Fourth and Fourteenth Amendments of the United States Constitution, and the Civil Rights Act, Title 42 of the United States Code, Section 1983.   That the actions of Defendants were without just and legal cause, thereby violating Plaintiff's rights under the Constitution and Laws of the United States, as enumerated above, as well as his rights under the Constitution of the Commonwealth of Kentucky.   Further, the acts of Defendants were not objectively reasonable under the circumstances.

16. That the claims set forth in Count One against Defendants are asserted against them in both their official and individual capacities.

17. That as a direct and proximate result of the aforementioned actions of the Defendants, Plaintiff has sustained damages, pain and suffering and lost wages.

## COUNT TWO – ASSAULT AND BATTERY OUTRAGEOUS CONDUCT AND INTENTIONAL INFLLICTION OF EMOTIONAL DISTRESS

18. Plaintiff adopts, alleges and incorporates by reference, each and every averment, allegation or statement contained in paragraphs 1 through 17 herein.

19. That the aforementioned conduct of Defendants towards Plaintiff constitutes the torts of assault, battery, outrageous conduct; and/or intentional infliction of emotional distress.

20. That as a direct and proximate result of the aforementioned actions of the Defendants, Plaintiff has sustained damages, pain and suffering and lost wages.

## COUNT THREE – NEGLIGENT HIRING AND RETENTION

21. Plaintiff adopts, alleges and incorporates by reference, each and every averment, allegation or statement contained in paragraphs 1 through 20 of this Complaint.

22. That, in violation of the United States Constitution and U.S.C. Section 1983, Defendants Kentucky State Police and Commonwealth of Kentucky have failed to adequately hire, train and supervise its officers and loss prevention staff, including Defendant Mabe, as to the proper use of probable cause, force and arrest towards the citizens of the Commonwealth of Kentucky.

23. That the Defendants are responsible for the actions of Defendant Mabe (as well as Defendant Mabe in his individual capacity) because the aforementioned constitutionally offensive and negligent hiring, supervision and training of its officers (including Defendant Mabe) amounts to an execution and/or implementation of a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the Defendants.  Further, the constitutionally offensive and negligent hiring, training and supervision by the Defendants of its officers (including Defendant Mabe), is inadequate to the task that the officer must perform and Defendants' deliberate indifference and inadequacy in the present scenario was "closely related to" and/or "actually caused" Plaintiff's injuries.

24. That as the direct and proximate result of the aforesaid actions of the

Defendants, Plaintiff has suffered damage, injuries and lost wages.

25. That the aforementioned conduct of Defendants Kentucky State Police and Commonwealth of Kentucky constitutes negligent hiring practices due to its failure to exercise ordinary care in the hiring or retaining of Defendant Mabe, which created a foreseeable risk of harm to third persons such as Plaintiff.

## COUNT FOUR – PUNITIVE DAMAGES

26. Plaintiff adopts, alleges and incorporates by reference, each and every averment, allegation or statement contained in paragraphs 1 through 25 of this Complaint.

27. That the aforesaid conduct of the Defendants was negligent, grossly negligent, malicious, oppressive, and/or fraudulent, and that Plaintiff is entitled to punitive damages from the Defendants.

## PRAYER

WHEREFORE, the Plaintiff demands as follows:

1. That Plaintiff be awarded general and compensatory damages, including prejudgment interest, in the sum of $500,000;

2. Punitive damages in the sum of $500,000;

3. Trial by jury on all issues so triable;

4. Judgment against the Defendants, jointly and severally;

5. His attorney fees and costs expended herein;

6. For any and all equitable relief; and

7. Any and all other relief to which he may appear equitably entitled.

                Respectfully submitted,

                /s/ Timothy Denison
                TIMOTHY DENISON
                Counsel for Plaintiff
                235 South Fifth Street
                The Third Floor
                Louisville, Kentucky 40202-3226
                (502) 589-6916; (FAX) 568-6919
                timothydenison@aol.com

## **VERIFICATION**

I have read the foregoing VERIFIED COMPLAINT and it is true and correct as I verily believe.

                /s/ Kevin R. Turner
                KEVIN R. TURNER

COMMONWEALTH OF KENTUCKY

COUNTY OF JEFFERSON

Subscribed and sworn before me by KEVIN R. TURNER as true and accurate on this 15th day of May, 2020.   My commission expires: 7/28/2021.

                /s/ Timothy Denison
                NOTARY PUBLIC, SAL, KENTUCKY