## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

**KEVIN R. TURNER**                                                                    **PLAINTIFF**

v.                                                          CIVIL ACTION NO. 3:20-cv-346-JRW

**SERGEANT JEREMY D. MABE,**
**in his individual and official capacities,**
**KENTUCKY STATE POLICE,**
**and COMMONWEALTH OF KENTUCKY**                                          **DEFENDANTS**

### DEFENDANTS' MOTION TO DISMISS OFFICIAL CAPACITY
### CLAIMS AND INDIVIDUAL CAPACITY CLAIMS
### & MEMORANDUM IN SUPPORT THEREOF

Come the Defendants Kentucky State Police Sergeant Jeremy D. Mabe, in his individual and official capacities, and the Kentucky State Police, by counsel, pursuant to FRCP 12(b)(1) and (b)(6), and move the Court: (1) to dismiss all official capacity claims because they are barred by Eleventh Amendment immunity;, and (2) to dismiss specific individual capacity claims because the Plaintiff fails to state a claim of assault and battery or of intentional infliction of emotional distress/outrage, the latter of which is also unavailable when it derives from the same claim as traditional torts such as false arrest or assault and battery. In support of this motion, the Defendants state as follows:

### A. BACKGROUND

This is a 42 U.S.C. § 1983 civil rights action, including state law claims, against Kentucky State Police Sergeant Jeremy D. Mabe (hereinafter "Sgt. Mabe"), in his individual and official capacities, the Kentucky State Police, and the Commonwealth of

1

Kentucky for alleged actions that occurred when Sgt. Mabe came to the Plaintiff's, Mr. Turner's, home on May 23, 2019, to follow up on allegations of abuse made by Mr. Turner's minor daughter, K.T. Mr. Turner claims that Sgt. Mabe violated his Fourth and Fourteenth Amendment rights by allegedly forcing his way into Mr. Turner's home without consent, assaulting and battering him, and arresting him for assault in the fourth degree, obstructing governmental operations, and menacing. Mr. Turner asserts individual and official capacity claims of wrongful arrest under the Fourth and Fourteenth Amendments, state-law individual capacity claims of assault and battery and intentional infliction of emotional distress, and an official capacity claim of negligent hiring/training/supervision and policy implementation under federal law. Mr. Turner seeks money damages and equitable relief. (DN 1).

## B. <u>STANDARD</u>

Dismissal is proper under Federal Rule of Civil Procedure 12(b) when, after resolving all doubts and inferences in favor of the non-moving party, it is evident that no relief may be granted consistent with the allegations in the complaint. *Miller v. Currie*, 50 F.3d. 373, 377 (6th Cir. 1995); *Albright v. Oliver*, 510 U.S. 266, 268, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994). However, the Court need not accept as true legal conclusions or unwarranted factual inferences. *Blackburn v. Fisk University*, 443 F.2d. 121, 123 (6th Cir. 1971). Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss. *Mezibov v. Allen*, 411 F.3d. 712, 716 (6th Cir. 2005).

When evaluating a motion to dismiss under FRCP 12(b)(6), the Court tests the sufficiency of Plaintiff's Complaint and must determine whether the complaint alleges

"sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

FRCP 12(b)(1) allows for the Defendants to assert lack of subject matter jurisdiction as a defense, inherently challenging the Court's power to hear the case, and places the burden on the Plaintiff to prove that jurisdiction exists. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).

Under these standards, Mr. Turner's official capacity claims fail because Eleventh Amendment immunity deprives the Court of subject matter jurisdiction over the official capacity claims – federal-law wrongful arrest and federal-law negligent hiring/training/supervision and policy implementation claims based on alleged past actions for which Mr. Turner seeks monetary damages and equitable relief. As far as the individual capacity claims, as a matter of law, Mr. Turner fails to state a claim of federal-law wrongful arrest, state-law assault and battery, or state-law intentional infliction of emotional distress.

## C. <u>ARGUMENT</u>

## <u>I. ELEVENTH AMENDMENT IMMUNITY DEPRIVES THE COURT OF SUBJECT MATTER JURISDICTION OF ALL OFFICIAL CAPACITY CLAIMS</u>

Mr. Turner is seeking monetary damages and equitable relief against the Kentucky State Police and Sgt. Mabe in his official capacity for federal-law claims of wrongful arrest and of negligent hiring/training/supervision/policy implementation. The Eleventh Amendment to the U.S. Constitution deprives the Court of subject matter jurisdiction

over 42 U.S.C. § 1983 claims against the Kentucky State Police and its officers in their official capacities.

### a. **Claims against Sgt. Mabe in his official capacity are claims against the Kentucky State Police.**

Individual capacity suits "seek to impose personal liability upon a government official for actions he takes under color of state law[,]" whereas official-capacity suits seek to recover from the government agency itself. *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). "Official-capacity suits … 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. at 165; *McMillian v. Monroe County*, 520 U.S. 781, 785 n.2, 117 S.Ct. 1734, 138 L.Ed.2d 1 (1997) (where a suit against a governmental employee in his official capacity was the same as a suit against the government agency for which the employee works). This is because a victory in such an official capacity suit imposes liability not on the employee, but on the government agency itself. *Kentucky v. Graham*, 473 U.S. at 166. Thus, the official capacity claims against Sgt. Mabe are, in fact, claims against the government agency, the Kentucky State Police.

### b. **The Eleventh Amendment bars the claims against the Kentucky State Police.**

"The Eleventh Amendment generally bars suits by citizens of a state against a state in federal court." *League of Women Voters v. Brunner*, 548 F.3d 463, 474 (6th Cir. 2008). The Eleventh Amendment to the U.S. Constitution specifically prohibits federal courts from exercising subject matter jurisdiction over a suit for money damages brought directly against the state, its agencies, and state officials sued in their official capacities. *Puerto*

*Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 US 139, 144, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993); *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009). In addition, states, state agencies, and state officials sued in their official capacities for monetary damages are not considered "persons" within the meaning of 42 U.S.C. § 1983 such that they are subject to these claims. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

As a state entity, the Kentucky State Police possess Eleventh Amendment immunity and, absent a waiver of this immunity, it may not be held liable for damages under § 1983. *Will v. Michigan Department of State Police*, 491 U.S. at 66. Likewise, employees of the Kentucky State Police sued in their official capacities are entitled to the same Eleventh Amendment protection from federal claims. *Id.* at 71.

The Department of Kentucky State Police is a department within the Justice and Public Safety Cabinet, a program cabinet of the Executive Branch of the Commonwealth of Kentucky, and is therefore a part of the State. KRS 12.020, Section II, subdivision 1(a). A state and its agencies, such as the Department of Kentucky State Police, may not be sued, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it, or an exception applies. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. at 144; *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100-102, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). In enacting 42 U.S.C. § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991).

Here, Kentucky has not waived its traditional sovereign immunity for claims like the ones asserted by Mr. Turner. Sections 230 and 231 of the Kentucky Constitution are the provisions that allow only the Legislature to waive the sovereign immunity of the State. The Kentucky Legislature has not waived the State's sovereign immunity pursuant to Ky. Constit. §231 to authorize actions against the State for claims based on 42 U.S.C. §1983. *Cook v. Popplewell*, 394 S.W.3d 323, 338 (Ky. 2001) ("Under [§1983], government bodies are not subject to vicarious liability for the torts of their agents."); *Yanero v. Davis*, 65 S.W.3d 510, 527 (Ky. 2001) (state agency is not vicariously liable for negligence of state employees); *Williams v. Ky. Department of Education*, 113 S.W.3d 145, 154-155 (Ky. 2003) (recognizing that only waiver of immunity to allow vicarious liability against Kentucky state agency is Board of Claims Act (then KRS Chapter 44), which limits such claims to claims of negligent performance of ministerial acts brought only before the Board).[1] Thus, there is no waiver of sovereign immunity to allow the Plaintiff's claims here.

This application of Eleventh Amendment immunity to dismiss claims against the Kentucky State Police and its officers sued in their official capacity has been repeatedly used by both the U.S. District Courts for the Eastern District and Western District of Kentucky, and used by the U.S. Supreme Court.

For example, in *Allen v. Booth*, No. 08-135-ART, 2008 WL 4829875 (E.D. Ky.), the U.S. District Court for the Eastern District of Kentucky found that "the Kentucky State Police is an arm of the state and a judgment against it would be funded from the state

---

[1] Waivers have also been recognized for certain contract actions under KRS 45A.245, and for employment discrimination claims under KRS Chapter 344.

6

treasury." *Id.* at *2. On this basis, the Court held that the Kentucky State Police were immune from liability for § 1983 claims and claims of failure to train or supervise by virtue of Eleventh Amendment and sovereign immunity. Since this immunity also extended to state employees sued in their official capacities, the Court dismissed all official capacity claims against the retired Trooper. *Id.*

Likewise, in *Baughman v. Brooks*, No. 5:15-cv-29-JMH, 2015 WL 3916150 (E.D. Ky.), the U.S. District Court for the Eastern District of Kentucky dismissed § 1983 and state-law claims, including assault and battery, filed against a Trooper in his official capacity because "the Kentucky State Police is an alter ego of the state" and "is tasked with enforcement of the law, a governmental function, and is thus entitled to immunity." *Id.* at *2. Since this immunity extended to official-capacity suits, the official capacity claims were dismissed. *Id.*

Relying in part on *Baughman*, the U.S. District Court for the Western District of Kentucky found that the Kentucky State Police were immune from suit for § 1983 and state-law claims arising out of a search of real estate for evidence of burial grounds and dismissed the claims. *Herran Properties, LLC v. Lyon County Fiscal Court*, No. 5:17-cv-00107-TBR, 2018 WL 2210673 (W.D. Ky.); see also, *Almon v. Kilgore*, No. 3:19-CV-0004-GFVT, 2019 WL 1179387, at *2 (E.D. Ky.) ("As an agency of the Commonwealth of Kentucky, the Kentucky State Police enjoys sovereign immunity under the Eleventh Amendment. [ ] Actions against state officials in their official capacity, as is here against Trooper Kilgore and Trooper Newberry in their official capacities, are against the state, and thus also barred by the Eleventh Amendment.").

In *Kentucky v. Graham*, 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985), an official capacity §1983 claim was brought against the Commissioner of the Kentucky State Police. The U.S. Supreme Court reversed the award of fees and costs against the Kentucky State Police and recognized it as a government entity immune from suit, and therefore damages, under the Eleventh Amendment.

By applying this precedent here, Mr. Turner's official capacity claims of false arrest and of negligent hiring/training/supervision/policy implementation in violation of federal law are barred by Eleventh Amendment immunity.

Likewise, Mr. Turner's attempt to assert a *Monell*[2] claim against the state also fails. On pages 6 – 8 of the Complaint, the Plaintiff alleges a claim of civil rights violation via policy/ordinance/regulation/practice akin to a *Monell* claim. (DN 1 at pgs. 6 - 8). But "entities that qualify for Eleventh Amendment immunity are not subject to a *Monell* claim." *Stack v. Karnes*, 750 F. Supp. 2d 892, 896 (S.D. Ohio 2010) (citing *Monell*, 436 U.S. at 691 n.54 ("Our holding today is, of course, limited to local government units which are not considered part of the State for Eleventh Amendment purposes.")).

And on a final note, Mr. Turner's claims do not fall under the exception created by *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). In determining whether a claim meets the *Ex parte Young* exception, a court need only conduct a "straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and

---

[2] *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (where municipalities were held to be "persons" subject to §1983 liability for implementation of a policy or custom).

seeks relief properly characterized as prospective." *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296, 117 S.Ct. 2028, 138 L.Ed.2d 438 (1997); *Verizon Md. Inc. v. PSC*, 122 S. Ct. 1753, 1760 (2002). "[C]ourts . . . look to the substance of the legal claim, not its formal description." *S&M Brands, Inc. v. Cooper*, 527 F.3d 500, 509 (6th Cir. 2008). A complaint does not fall within this exception when it is "based entirely upon past acts and not continuing conduct that, if stopped, would provide a remedy to [the plaintiff]." *Gean v. Hattaway*, 330 F.3d 758, 776 (6th Cir. 2003); see also *Curry v. Ky. Cabinet for Health & Family Servs.*, No. 3:17-CV-00730-GNS, 2018 WL 1324159, at *4 (W.D. Ky. Mar. 14, 2018) (dismissal for failure to fulfill *Ex parte Young* requirement of ongoing or threatened future injury to plaintiff).

Here, Mr. Turner's claims do not allege a present federal law violation nor seek relief fairly characterized as prospective. Mr. Turner's alleged injuries have already occurred and he seeks damages and equitable relief as compensation. The complaint nowhere identifies an ongoing violation of Mr. Turner's rights under federal law, a central *Ex parte Young* requirement. Thus, Mr. Turner's claims are not cognizable under *Ex parte Young*, and all applicable authority indicates that the official capacity claims are barred by Eleventh Amendment immunity and must be dismissed.

## II. INDIVIDUAL CAPACITY CLAIMS AGAINST SGT. MABE FAIL TO STATE CLAIMS OF ASSAULT & BATTERY OR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

To survive a motion to dismiss, the Complaint must present "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). To satisfy this standard, the Complaint must

9

provide "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555. The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss. *Mezibov v. Allen*, 411 F.3d. 712, 716 (6th Cir. 2005).

### a. A Claim of Assault and Battery Requires More Than Labels or Legal Conclusions.

Here, Mr. Turner fails to identify any facts in his Complaint that state a claim of assault and battery. His only statements about the claim consist of conclusory allegations that do not survive a motion to dismiss: Defendants "assaulted and battered Plaintiff" and "the aforementioned conduct of Defendants towards Plaintiff constitutes the torts of assault, battery[.]" (DN 1 at ¶ 10, 19). As his assault and battery claim is no more than a label or legal conclusion, the Defendants ask that it be dismissed.

### b. A Claim of Intentional Infliction of Emotional Distress/Outrage is Barred When Based on an Alleged False Arrest.

Under Kentucky law, a claim of intentional infliction of emotional distress is unavailable when it derives from a false arrest claim. In Kentucky, a claim of intentional infliction of emotional distress has four elements: "'[1] the wrongdoer's conduct must be intentional or reckless; [2] the conduct must be outrageous and intolerable in that it offends against the generally accepted standards of decency and morality; [3] there must be a causal connection between the wrongdoer's conduct and the emotional distress[;] and [4] the distress suffered must be severe.'" *Estep v. Combs*, 366 F.Supp.3d 863, 886 n.21 (E.D. Ky. 2018) (quoting *Osborne v. Payne*, 31 S.W.3d 911, 913–14 (Ky. 2000)). "The tort is

only 'intended to redress behavior that is truly outrageous, intolerable and which results in bringing one to his knees.'" *Id*. As a matter of law, an allegation of arrest without probable cause does not meet these elements and fails to state a claim.

For example, in *Vidal v. Lexington Fayette Urban County Government*, 2014 WL 4418113 (E.D. Ky.), a Lexington man sued police officers for unlawful arrest, intentional infliction of emotional distress, and other claims, alleging that the officers responding to a noise complaint forced their way into his residence without a warrant, placed him into a chokehold without justification, and arrested him without a warrant or probable cause. The trial court dismissed the claim of intentional infliction of emotional distress specifically because it failed to state a claim under Kentucky law. Judge Reeves of the U.S. District Court for the Eastern District of Kentucky noted that, "[t]his Court cannot find any specific allegation that is 'truly outrageous, intolerable[,]' or would 'result[ ] in bringing one to his knees' as required to maintain an action for intentional infliction of emotional distress." *Id*. at *9 (quoting *Osborne v. Payne*, 31 S.W.3d 911, 914 (Ky. 2000)). The Judge concluded that taking the plaintiff's allegations as true, they were insufficient to maintain a claim of outrage under Kentucky law. *Id*.

In *Trimbur v. Kentucky Lottery Corporation*, 64 Fed. Appx. 970 (6th Cir. 2003), a Louisville woman, who legally purchased lottery tickets, was publicly arrested for their theft after the Rite Aid where she purchased them mistakenly included them in a report of stolen tickets. The charges were dismissed and she sued the arresting police officers for false arrest/false imprisonment and intentional infliction of emotional distress, among other claims. The trial court dismissed all claims against the officers as a matter of

11

law. For the intentional infliction of emotional distress claim, the trial court noted that the plaintiff had "pled nothing to show that the police knew or should have known 'that the arrest would have resulted in emotional distress that would in turn result in bodily harm[.]'" *Id.* at *3. Although the plaintiff argued on appeal that she was humiliated and distressed by her arrest, the U.S. Court of Appeals for the Sixth Circuit noted that she presented nothing to indicate that the police had any awareness that their conduct would cause her harm, and thus, had no claim for intentional infliction of emotional distress under Kentucky law. *Id.*

In *Young v. City of Radcliff*, 561 F. Supp. 2d 767 (W.D. Ky. 2008), a Radcliff man was incorrectly targeted/investigated and arrested as a shoplifter and ended up being shot during a mistaken exchange of gunfire with the police. The man asserted several claims including §1983 claims of false arrest/imprisonment and Kentucky state law claims, including intentional infliction of emotional distress. But even with the assertion that he was incorrectly arrested and subsequently shot, the Court dismissed this claim against the officers because it was not sufficient for a claim of intentional infliction of emotional distress under Kentucky law. *Id.* at 794.

In addition a claim of intentional infliction of emotional distress is not available under Kentucky law when the claim derives from the conduct addressed by other traditional tort claims, such as false arrest. A claim for intentional infliction of emotional distress is "a 'gap-filler' tort intended to provide a remedy when no other tort is adequate[.]" *Brewer v. Hillard*, 15 S.W.3d 1, 8 (Ky. App. 1999). Kentucky generally treats claims of intentional infliction of emotional distress as unavailable if "an actor's conduct

amounts to the commission of one of the traditional torts such as assault, battery, or negligence for which recovery for emotional distress is allowed." *Rigazzio v. Archdiocese of Louisville*, 853 S.W.2d 295, 298–99 (Ky. App. 1993). Thus, Kentucky law does not permit an intentional infliction of emotional distress theory to proceed when another tort theory may provide a ground for relief. *See Childers v. Geile*, 367 S.W.3d 576, 582 (Ky. 2012). Nonetheless, "[t]he tort of outrage is still a permissible cause of action, despite the availability of more traditional torts, as long as the defendants solely intended to cause extreme emotional distress." *Green v. Floyd Co., Ky.*, 803 F. Supp. 2d 652, 655 (E.D. Ky. 2011). But "[w]hen the claim of emotional distress is a supplement to another tort claim, such as false imprisonment, the burden of showing sole intent cannot be met." *Lovins v. Hurt*, 2011 WL 5592771 at *3 (E.D. Ky.). This unavailability of an intentional infliction of emotional distress claim under Kentucky law to plaintiffs who have asserted §1983 claims of false arrest has been consistently applied and should be applied to dismiss the claim here.

In *Estep v. Combs*, 366 F.Supp.3d 863 (E.D. Ky. 2018), Jack Estep was arrested when he interfered in Officer Combs' investigation. Estep's claims against the officer included false arrest and intentional infliction of emotional distress. The U.S. District Court for the Eastern District of Kentucky dismissed the intentional infliction of emotional distress claim because it derived from the false arrest claim:

> While Estep also claims that Combs "intentionally and deliberately inflicted upon Plaintiff emotional distress by" committing the various other alleged torts, [ ] the emotional distress alleged is derivative of "the other actions brought against [Combs]." *Lovins*, 2011 WL 5592771, at *3.

13

> …
> Here, the Complaint makes clear that emotional distress is not the crux of the torts alleged, but rather deprivation of liberty and the injuries to Plaintiff's wrists are. *Childers*, 367 S.W.3d at 582 ("If the emotional distress were the gravamen of the tort, then damages for the distress could be recovered, but only through a claim for intentional infliction of emotional distress, and only if the conduct were outrageous and the emotional distress severe."). Estep alleges "extreme emotional distress" as a "direct and proximate result of the [other] wrongful actions of Defendant Combs[.]" DE 1-1, at 10. The Court, even granting Plaintiff the favorable reading required at this stage, can only read the emotional distress claim "as an element of damages" arising out of the other torts. *Childers*, 367 S.W.3d at 582. <u>When an Outrage claim is based on "the *same* emotional distress" resulting from other alleged torts, Kentucky law prohibits recovery for the stand-alone emotional distress tort</u>.

*Id.* at 887 (emphasis added).

In *Woosley v. City of Paris*, 591 F. Supp. 2d 913 (E.D. Ky. 2008), Paris police officers broke up an altercation on the plaintiff's lawn, which resulted in the plaintiff, Mr. Woosley, being tased and arrested. Mr. Woosley sued the officers, but the federal trial court dismissed the emotional distress claim because it was derivative of his other claims, which included assault and battery and false imprisonment: "[a]s Plaintiff's theory involves 'one of the traditional torts such as assault, battery, or negligence for which recovery for emotional distress is allowed, 'the tort of outrage will not lie.'" *Id.* at 923; *see also Vidal v. Lexington Fayette Urban County Government*, 2014 WL 4418113 (E.D. Ky.) (where intentional infliction of emotional distress claim was dismissed because of more traditional torts such as false arrest provided an emotional remedy); *Carter v. Porter*, 617 F.Supp.2d 514, 519-520 (E.D. Ky. 2008) (where arrested motorist's intentional infliction of

14

emotional distress claim was dismissed because it was subsumed by false imprisonment and malicious prosecution claims).

In Mr. Turner's Complaint, the basis for his intentional infliction of emotional distress claim is the same as his claim for false arrest (and for assault and battery). (DN 1 at ¶10, 19). As the case law described above indicates, being allegedly wrongfully arrested does not meet the "very high threshold for intentional infliction of emotional distress claims" in Kentucky and is unavailable when the basis of the claim is covered by traditional, specific tort claims such as false arrest or assault and battery. *Stringer v. Wal-mart Stores Inc.*, 151 S.W.3d 781, 789 (Ky. 2004). Thus, the Defendants ask the Court to dismiss the intentional infliction of emotional distress claim.

### D. <u>CONCLUSION</u>

Wherefore, the Defendants Kentucky State Police and Sgt. Mabe, in his individual and official capacities, request that the Court dismiss: (1) all of the official capacity claims (all identified as federal-law claims) as barred by Eleventh Amendment immunity; (2) the assault and battery claim because it states no factual basis and merely concludes that the Defendants assaulted and battered the Plaintiff; and (3) the intentional infliction of emotional distress claim because it is unavailable when derived from the same basis as the traditional and specific torts of false arrest and assault and battery.

Respectfully submitted,

/s/ Amber Arnett
Alea Amber Arnett
Department of Kentucky State Police
Legal Office
919 Versailles Road
Frankfort, KY 40601
(502) 782-2163
(502) 573-1636 facsimile
Alea.Arnett@ky.gov
*Counsel for Defendants Kentucky State
Police and Sgt. Jeremy Mabe, in his
individual and official capacities*

CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2020, I electronically filed this document with the clerk of the court by using the CM/ECF System, which will provide service to the following CM/ECF participants:

Timothy Denison
235 South Fifth Street
The Third Floor
Louisville, KY 40202-3226
(502) 589-6916
(502) 568-6919 facsimile
timothydenison@aol.com
*Counsel for Plaintiff*

/s/ Amber Arnett
Alea Amber Arnett

16