**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:20CV-00346-JRW**

**KEVIN R. TURNER**                                                                      **PLAINTIFF**

**VS.**

**JEREMY D. MABE, et al.**                                                     **DEFENDANTS**

**ORDER**

Before the Court is Plaintiff Kevin R. Turner's ("Turner") Motion for Extension of Time to Respond to Defendants' Motion to Dismiss. (DN 10). Turner filed his Response as an exhibit to his Motion for Extension and explained that he hasn't had assistance from his legal secretary because she is "immunocompromised and in several other high-risk categories" for contracting COVID-19. He also claims he missed his response deadline due to "inadvertence." Defendants oppose Turner's requested extension, arguing that the absence of counsel's legal assistant does not constitute excusable neglect or good cause for an enlargement of time. (DN 11).

When a party's response deadline has passed, Federal Rule of Civil Procedure 6(b) permits the Court to extend the time for a party to file such response if they can establish both "good cause" and "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); *see Century Indemnity Co. v. Begley Co.*, 323 F.R.D. 237, 241-42 (E.D. Ky. 2018). The Sixth Circuit balances several factors in assessing excusable neglect, including the length of the delay; the reason for the delay; potential prejudice to the nonmoving party; and whether the late-filing party acted in good faith." *Nafziger v. McDermott Int'l Inc.*, 467 F.3d 514, 522 (6th Cir. 2006).

First, the length of delay weighs against a finding of excusable neglect. Turner did not contact the Defendants regarding his mistake until eight days after his response was due. Then he filed his response, as an exhibit to the instant motion, eleven days after his deadline had passed. This delay was significant.

Likewise, the reasons for Turner's delay, which the Sixth Circuit considers the factor of "greatest import," *Blazer v. Chrisman Mill Farms, LLC*, No. 5:17-CV-430-DCR-REW, 2018 WL 1089274, at *2 (E.D. Ky. Feb. 28, 2018) (citing *Morgan v. Gandalf, Ltd.*, 165 F. App'x 425, 429 (6th Cir. 2006)), are not persuasive. Turner states his error was due to "inadvertence" and to his recently being without a legal assistant/secretary because she was at high-risk for contracting COVID-19. But a party's "inadvertence" in failing to accurately track case deadlines militates strongly against a finding of excusable neglect. *See Blazer v. Chrisman Mill Farms, LLC*, No. 5:17-CV-430-DCR-REW, 2018 WL 1089274, at *2 (E.D. Ky. Feb. 28, 2018).

A party has an affirmative duty to monitor the docket of his case and manage the relevant deadlines. *See Yeschick v. Mineta*, 675 F.3d 622, 629 (6th Cir. 2012) (citations omitted). Access to electronic dockets makes this affirmative duty minimal on practitioners. *Id.* (citing *Kuhn v. Sulzer Orthopedics, Inc.*, 498 F.3d 365, 371 (6th Cir. 2007)). An absence by Turner's counsel's legal assistant does not nullify this responsibility. Counsel cannot shift the responsibility of managing case deadlines and timely filing briefs onto his support staff. *See, e.g., Mark v. United States*, No. 14-CV-0422-MV-KK, 2016 WL 8114217, at *5 (D.N.M. Sept. 20, 2016) (noting that attorneys still have affirmative duty to monitor status of their cases even when they have delegated certain tasks to subordinates).

Even though Defendants will be minimally prejudiced if the extension were permitted since this case is in its earliest stages and there is no evidence of bad faith by Turner, the Court finds

3

that on balance, Turner has not established excusable neglect under Rule 6. Most importantly, this error was within Turner's counsel's control, yet he attempts to pass the blame on his legal assistant's absence. The Court will, therefore, not permit consideration of Turner's tardy response to Defendants' Motion to Dismiss.

**IT IS THEREFORE ORDERED** that Turner's Motion for Extension of Time (DN 10) is **DENIED.** Turner's Response (DN 10-2) shall be **STRICKEN** from the record.

Copies:   Counsel of Record

Regina S. Edwards, Magistrate Judge
United States District Court

August 24, 2020