## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

| | |
|---|---|
| **KEVIN R. TURNER,** | ) |
| **PLAINTIFF** | ) |
| | ) |
| | ) |
| **V.** | ) **Civil Action No. 3:20-cv-346-JRW** |
| | ) *Electronically Filed* |
| **JEREMY D. MABE,** *et al.,* | ) |
|    *Defendants.* | ) |

## OBJECTIONS TO AND MOTION FOR RECONSIDERATION OF COURT'S ORDER OF AUGUST 25, 2020

Comes the Plaintiff, Kevin R. Turner, by counsel, pursuant to Fed. R. Civ. P. 72(a), and respectfully moves that this Court reconsider its Order of August 25, 2020, overruling Plaintiff's Motion for Enlargement of Time to File Response to Motion to Dismiss Official Capacity and Individual Capacity Claims (DN 10) and striking his tendered Response thereto (DN 10-2). As reasons for the foregoing, Plaintiff states as follows:

1.  The Court relies heavily on the unpublished order of the United States District Court for the Eastern District of Kentucky in *Blazer v. Chrisman Hill Farms, LLC,* No. 5:17-CV-430-DCR-REW, 2018 WL 1089274, at *2 (E.D. Ky. Feb. 28, 2018; copy attached as Exhibit 1), denying relief in a discovery dispute.

1

The situation in *Blazer* is entirely distinguishable from the present case. In *Blazer,* following a series of acrimonious discovery disputes, the Court ordered the the parties to formal discovery procedure and directed that defendant to file "a motion concerning all discovery topics in dispute . . . within 10 days" of January 30, 2018. Order, *Blazer v. Chrisman Hill Farms, LLC,* No. 5:17-CV-430-DCR-REW, United States District Court for the Eastern District of Kentucky at Lexington, January 30, 2018, DN 79. The defendant did not file anything. Later, on February 16, 2018, that defendant filed a Motion to Compel Discovery, a week late, without a Motion for Enlargement or other request for relief. The District Court then issued a show cause "concerning its lack of compliance with [the order] and why the Court should not dismiss [the motion] as untimely filed." Only then did the defendant respond. Plaintiff then filed its motion seeking "timeliness-based dismissal." [1] The Court rightly denied the defendant's motion.

The *Blazer* Court goes on to discuss the Sixth Circuit standard for allowing an untimely filing for "excusable neglect," which is

> an equitable balance of five factors: (1) prejudice to the nonmoving party; (2) length of delay and potential impact on judicial proceedings; (3) reason for the delay; (4) whether the delay was within the reasonable control of the moving party; and (5) whether the late-filing party acted in good faith. *See Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (*citing Pioneer Inv. Servs.*

---

[1] "Dismissal" is a misnomer here in that Plaintiff simply filed its Response asking for denial of the untimely Motion to Compel. *Blazer v. Chrisman Hill Farms, LLC*, No. 5:17-CV-430-DCR-REW, DN 87. Plaintiff did not file a Motion to Dismiss its own case.

>   *Co. v. Brunswick Assocs. Ltd. P'ship*, 113 S. Ct. 1489 (1993)); *see also, e.g., Howard v.Nationwide Prop. & Cas. Ins. Co.,* 306 F. App'x 265, 266-67 (6th Cir. 2009) ("The determination of excusable neglect is an equitable one, taking account of all relevant circumstances surrounding the party's omission.").

Plaintiff submits that he is in compliance with the *Nafziger* factors and asks that this Court reconsider the Order striking his Response to Defendants' Motion to Dismiss.

With respect to the first factor, prejudice to the nonmoving party, the Court has already found that that the prejudice to Defendants would be minimal if the Response were reinstated. *See* Order at 2, PageID# 74. This action is continuing, and the individual Defendant is not hampered in his everyday actions by the reinstatement of the Response.

With respect to the second factor, length of delay and potential impact on judicial proceedings, the Court found that the eight-day delay between the due date and counsel contacting defense counsel, and the three additional days before the Motion for Enlargement and Response were filed, were significant. Order at 2, PageID# 73.

With respect to the third and fourth factors, the reason for the delay and when whether the delay was within the reasonable control of the moving party, the undersigned stated in his initial Motion that

3

> The undersigned has recently been without a legal assistant/secretary due to his assistant being immunocompromised and in several other high-risk categories for COVID-19. Through inadvertence, the undersigned failed to file a motion for extension of time to respond to the Motion. The undersigned has sought, located, and engaged temporary help to address this lack of assistance.

Motion for Enlargement of Time to File Response to Motion to Dismiss Official Capacity and Individual Capacity Claims and Memorandum in Support Thereof, July 20, 2020 at 1 (DN 10).

The undersigned wishes to clarify that he is in no way seeking to "shift the responsibility of managing case deadlines and timely filing briefs onto his support staff." Order at 2, *citing Mark v. United States*, No. 14-CV-0422-MV-KK, 2016 WL 8114217, at *5 (D.N.M. Sept. 20, 2016). The undersigned takes full responsibility for the delay. The undersigned was, and is, only attempting to explain how the problem happened in the first place, and to explain how the undersigned is correcting the problem so as to maintain control over the flow of work in his office during the COVID-19 pandemic (as previously stated, the undersigned has sought, located, and engaged temporary help to address the absence of his regular assistant). The undersigned regrets that this occurred, and has taken steps to ensure that this does not happen in the future.

Finally, with respect to whether Plaintiff has acted in good faith, the Court also has previously found that "there is no evidence of bad faith by Turner," Order

4

at 1. Again, the undersigned does not wish to blame anyone, but only to explain how the delay happened and be accountable to the Court by making it clear that steps have been taken to avoid such a situation happening again.

On behalf of his client, the undersigned respectfully asks that that the Court find that the Plaintiff has met the *Nafzger* factors for demonstrating excusable neglect; that the Court set aside Order of August 25, 2020, overruling Plaintiff's Motion for Enlargement of Time to File Response to Motion to Dismiss Official Capacity and Individual Capacity Claims and striking said Response; and that the Court reinstate the said Response.

**Respectfully submitted,**

**/s/ Timothy Denison**
**TIMOTHY DENISON**
**235 South Fifth Street**
**The Third Floor**
**Louisville, Kentucky 40202-3226**
**(502) 589-6916; (FAX) 568-6919**
**timothydenison@aol.com**
**Counsel for Plaintiff**

## CERTIFICATE OF SERVICE

      I hereby certify that on September 4, 2020, the foregoing was electronically filed with the Clerk of the Court using CM/ECF, which will send notice of electronic filing to registered counsel.

      /s/Timothy Denison
      TIMOTHY DENISON