UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

KEVIN R. TURNER,                                                                                        Plaintiff,

v.                                                                        Civil Action No. 3:20-cv-346-DJH-RSE

JEREMY D. MABE et al.,                                                                          Defendants.

\* \* \* \* \*

**<u>ORDER</u>**

This matter is before the Court on Plaintiff Kevin R. Turner's objection to the August 25, 2020 Order of Magistrate Judge Regina S. Edwards. (Docket No. 17) The Order denied Turner's motion for extension of time to respond to Defendants' motion to dismiss. (*See* D.N. 15) For the reasons explained below, the Court will overrule Turner's objection.

**I.**

Federal Rule of Civil Procedure 72(a) provides that the Court "must consider timely objections" to a magistrate judge's order on a non-dispositive matter and must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "A [factual] finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Crosswater Canyon v. Allied World Assur. Co. United States, Inc.*, No. 19-64-DLB-CJS, 2020 WL 4043973, at *2 (E.D. Ky. July 17, 2020) (quoting *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019)). "Alternatively, '[a]n order is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Id.* But objections "that are general, repetitive of arguments previously presented to the magistrate judge, or do 'nothing more than state a disagreement with the magistrate's suggested resolution' are improper." *Id.*

(quoting *EQT Prod. Co. v. Magnum Hunter Prod. Co.*, No. 5:16-cv-150-JHM, 2017 WL 4974782, at *2 (E.D. Ky. July 19, 2017)); *see also Bustetter v. CEVA Logistics U.S., Inc.*, No. 0:18-cv-58-DLB-EBA, 2019 WL 1867430, at *2 (E.D. Ky. Apr. 25, 2019) ("'Vague, general or conclusory objections' are equivalent to 'a complete failure to object.'" (quoting *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001))).

"A magistrate judge's order on non-dispositive matters 'should draw great deference, as the clearly erroneous and contrary to law standards of review present a sizeable burden for a district court to overcome.'" *EMW Women's Surgical Ctr. v. Bevin*, No. 3:17-CV-189-GNS, 2018 WL 10229473, at *2 (W.D. Ky. Sept. 28, 2018) (quoting *Warren v. Sheba Logistics, LLC*, No. 1:15-CV-148-GNS-HBB, 2017 WL 1227940, at *1 (W.D. Ky. Mar. 31, 2017)).

Here, Turner does not identify any portion of the magistrate judge's Order as "clearly erroneous or . . . contrary to law." Fed. R. Civ. P. 72(a). On the contrary, most of Turner's motion simply repeats Judge Edwards's findings. (*See* D.N. 17, PageID # 78–80) Turner does argue that the situation in *Blazer v. Chrisman Hill Farms*, a case cited by Judge Edwards, is "entirely distinguishable from the present case." (D.N. 17, PageID # 77; *see* D.N. 15, PageID # 74) To the extent that *Blazer* is factually distinguishable from the case presented to the Court, this does not render Judge Edwards's Order contrary to law because the purpose for which Judge Edwards cited *Blazer* stands independent of the underlying facts. Judge Edwards cited *Blazer* for two reasons: to show the significant weight that the Sixth Circuit assigns to a party's reasons for delay in assessing excusable neglect, and to show that a party's inadvertence in missing a deadline weighs heavily against a finding of excusable neglect. (*See* D.N. 15, PageID # 740) *Blazer* supports both these propositions without reliance on its facts. *See Blazer v. Chrisman Mill Farms, LLC*, No. 5:17-CV-430-DCR-REW, 2018 WL 1089274, at *2 (E.D. Ky. Feb. 28, 2018). Accordingly, "it

was not contrary to law for the Magistrate Judge to cite [*Blazer*] in support of her analysis." *Steed v. GM, LLC*, No. 11-2351-STA-dkv, 2013 WL 142484, at *7, n.12 (W.D. Tenn. Jan. 11, 2013) (finding that although plaintiff argued that the cited case was factually distinguishable from the case at bar, "the Magistrate Judge cited [the case] exactly twice and only for rules that apply generally to any discovery dispute").

**II.**

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Turner's objection (D.N. 17) to Magistrate Judge Regina S. Edwards's Order (D.N. 15) is **OVERRULED**.

February 23, 2021

David J. Hale, Judge
United States District Court