UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

KEVIN R. TURNER,                                                              Plaintiff,

v.                                                         Civil Action No. 3:20-cv-346-DJH-RSE

JEREMY D. MABE et al.,                                      Defendants.

\* \* \* \* \*

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff Kevin R. Turner alleges that Defendants Jeremy D. Mabe, Kentucky State Police (KSP), and the Commonwealth of Kentucky violated his federal and state constitutional rights, committed assault and battery, and intentionally inflicted emotional distress. (*See* Docket No. 1) Turner seeks compensatory and punitive damages and "any and all equitable relief." (*Id.*, PageID # 8–9) Defendants Mabe and KSP have moved to dismiss (1) all of Turner's official-capacity claims, (2) Turner's assault and battery claims, and (3) Turner's IIED claim. (D.N. 6) For the reasons set forth below, Defendants' motion to dismiss will be granted in part.

I.

The Court "take[s] the facts only from the complaint, accepting them as true as [it] must do in reviewing a 12(b)(6) motion." *Siefert v. Hamilton Cnty.*, 951 F.3d 753, 757 (6th Cir. 2020) (citing Fed R. Civ. P. 12(b)(6)). On May 20, 2019, Turner and his minor daughter, K.T., "had adversarial words," and K.T. reported "the incident to her manager at work the next day." (D.N. 1, PageID # 3) On May 23, 2019, Defendants Mabe and KSP arrived at Turner's home to speak with K.T. (*Id.*) Believing that Mabe and KSP were there to question and possibly arrest K.T., Turner refused to let them speak with her. (*Id.*, PageID # 4)

1

Nevertheless, "Defendants Mabe and KSP forced their way into [Turner's] home without consent, assaulted and battered [Turner], then decided to place [Turner] under arrest and to take the minor K.T. into 'protective custody' to cover their violent, malevolent and unlawful behavior." (*Id.*) Turner was charged with "three bogus misdemeanors in a continuing attempt by Defendants" to cover up their actions. (*Id.*) Turner further alleges that Mabe "falsely reported the facts surrounding the 'incident.'" (*Id.*) In October 2019, the state dropped all three misdemeanor charges against Turner. (*Id.*, PageID # 5–6)

## II.

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Factual allegations are essential; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and the Court need not accept such statements as true. *Id.* A complaint whose "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct" does not satisfy the pleading requirements of Federal Rule of Civil Procedure Rule 8 and will not withstand a motion to dismiss. *Id.* at 679; *see* Fed. R. Civ. P. 8.

### A.   Official-Capacity Claims

Defendants argue that the Court must dismiss all of Turner's official-capacity claims on the basis of sovereign immunity. (*See* D.N. 6, PageID # 26) This includes the official-capacity claims in Count 1 and all of Count 3. (D.N. 1, PageID # 5–8; *see* D.N. 6, PageID # 26) Counts 1

and 3 assert claims under 42 U.S.C. § 1983, based on alleged underlying constitutional violations; Count 1 also alleges unspecified violations of the Kentucky Constitution.  (*See* D.N. 1, PageID # 5–8; *id.*, PageID # 5 ("[T]he actions of Defendants . . . violat[ed] [Turner's] rights . . . under the Constitution of the Commonwealth of Kentucky.").

The Eleventh Amendment to the United States Constitution specifically prohibits federal courts from exercising subject-matter jurisdiction over a suit for money damages brought directly against the state, its agencies, and state officials sued in their official capacities.  *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 143-45, (1993); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).  Further, a state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it.  *Puerto Rico Aqueduct*, 506 U.S. at 146; *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984).  The Justice and Public Safety Cabinet is a state agency.  *See* Ky. Rev. Stat. § 12.250(1).  KSP is a department within the Justice and Public Safety Cabinet, is tasked with statewide law enforcement, and is funded by the Kentucky General Assembly.  *See* Ky. Rev. Stat. §§ 15A.020, 16.060, 16.050(1).  It therefore qualifies as a state agency.  *See Almon v. Kilgore*, No. 3:19-CV-0004-GFVT, 2019 WL 1179387, at *2 (E.D. Ky. Mar. 13, 2019) ("As an agency of the Commonwealth of Kentucky, the Kentucky State Police enjoys sovereign immunity under the Eleventh Amendment.").

The Commonwealth of Kentucky has not waived its immunity against § 1983 actions, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states.  *Whittington v. Milby*, 928 F.2d 188, 193–94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)).

The Eleventh Amendment therefore bars all § 1983 claims against KSP, and these claims must be dismissed.

As for Turner's state constitutional claim, "Kentucky case law indicates that, absent a specific waiver, the Commonwealth and its departments are immune from constitutional suits under Section 231 of the Kentucky Constitution." *Buckner v. Kentucky*, No. CIV.A. 3:10-36-DCR, 2011 WL 741446, at *3 (E.D. Ky. Feb. 24, 2011) (citing, *e.g.*, *Wood v. Bd. of Educ.,* 412 S.W.2d 877, 879 (Ky. 1967)). Turner has not identified which section of the Kentucky Constitution Defendants allegedly violated, nor has he "identified any statute that waives sovereign immunity as to such violations." *Id*. (*See* D.N. 1, PageID # 5) KSP is therefore entitled to sovereign immunity from Turner's Kentucky constitutional claim as well. *See Buckner*, 2011 WL 741446 at *3; *Levinson v. Mucker*, 289 F. Supp. 2d 848, 854 (W.D. Ky. 2003) (dismissing state constitutional claims because the plaintiff "fail[ed] to identify which rights under the state constitution have been violated and what legal mechanism she will use to vindicate [her] civil rights under the state constitution.").

For the same reasons, Turner's § 1983 claims and state constitutional claims against Mabe in his official capacity must also be dismissed. "[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." *Baughman v. Brooks*, No. 5:15-CV-29-JMH, 2015 WL 3916150, at *2 (E.D. Ky. June 25, 2015) (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 691 (1978)). "The Court having found that the Kentucky State Police is entitled to sovereign immunity on both federal and state law

claims, it concludes that" Mabe is also entitled to sovereign immunity on the claims asserted against him in his official capacity.[1]  *Id.*

**B.     Assault and Battery**

Defendants argue that Turner "fails to identify any facts in his Complaint that state a claim of assault and battery." (D.N. 6, PageID # 33) "[I]n an action for false imprisonment, false arrest, or assault or battery arising in the course thereof, the focus is on whether the peace officer 'had reasonable grounds to believe and did believe in good faith that the plaintiff had committed an arrestable offense . . . [t]he officer is liable for false arrest and battery if he lacked reasonable grounds for the arrest." *See Smith v. Norton Hosps., Inc.*, 488 S.W. 3d 23, 31 n. 7 (Ky. Ct. App. 2016) (quoting *Dunn v. Felty*, No. 2004-CA-001029-MR, 2005 WL 736596, at *2 (Ky. Ct. App. Apr. 1, 2005)). Turner alleges that Mabe and KSP unlawfully arrested him "to cover their violent, malevolent and unlawful behavior." (D.N. 1, PageID # 4) Although threadbare, these assertions permit the court to reasonably infer that the officers "lacked reasonable grounds for the arrest," allowing Turner to avoid dismissal of his assault and battery claims at this stage. *See Smith*, 488 S.W. 3d at 31 n. 7 (quoting *Dunn*, 2005 WL 736596 at *2).

**C.     Intentional Infliction of Emotional Distress**

Defendants argue that Turner's IIED claim is "unavailable when it derives from the same claim as traditional torts such as false arrest or assault and battery." (D.N. 6, PageID # 24) Kentucky law "generally treats IIED as a 'gap-filler' claim, which is not available if 'an actor's conduct amounts to the commission of one of the traditional torts such as assault, battery, or

---

[1] The Court agrees with Defendants (*see* D.N. 6, PageID # 31–32) that the *Ex Parte Young* exception does not apply here, as Turner seeks relief based solely upon past acts rather than "continuing conduct that, if stopped, would provide a remedy to [him]" and "therefore does not come under the doctrine of *Ex Parte Young*." *Gean v. Hattaway*, 330 F.3d 758, 776 (6th Cir. 2003).

negligence for which recovery for emotional distress is allowed.'" *Estep v. Combs*, 366 F. Supp. 3d 863, 886–87 (E.D. Ky. 2018) (quoting *Rigazio v. Archdiocese of Louisville*, 853 S.W.2d 295, 298–99 (Ky. Ct. App. 1993)). Here, state-law tort claims are available to address Turner's claimed emotional distress. *See Vidal v. Lexington Fayette Urban Cty. Gov't*, No. CIV.A. 5:13-117-DCR, 2014 WL 4418113, at *9 (E.D. Ky. Sept. 8, 2014) ("In this case, more traditional state law torts apply, such as battery, assault and false arrest, which [Turner] has pleaded.").

"Nonetheless, '[t]he tort of outrage is still a permissible cause of action, despite the availability of more traditional torts, as long as the defendants solely intended to cause extreme emotional distress.'" *Estep*, 366 F. Supp. 3d at 887 (quoting *Green v. Floyd Co., Ky.*, 803 F. Supp. 2d 652, 655 (E.D. Ky. 2011)). Turner has pleaded no facts from which the Court can reasonably infer that Defendants "solely intended to cause extreme emotional distress." *Id.*; *see Ashcroft*, 556 U.S. at 678. (*See* D.N. 1, PageID # 3–5) On the contrary, Turner's complaint suggests that Defendants had at least one other intention—investigating his daughter's report. (*See* D.N. 1, PageID # 3–4) The Court thus "cannot construe the [c]omplaint as including an IIED claim of this type." *Estep*, 366 F. Supp. 3d at 887; *see Vidal*, 2014 WL 4418113 at *9 ("Without any allegation that the defendants solely intended to cause extreme emotional distress, [Turner] has failed to state a claim for intentional infliction of emotional distress.").

## III.

For the reasons discussed above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Defendants' motion to dismiss (D.N. 6) is **GRANTED** as to Count 3; the intentional infliction of emotional distress claim in Count 2; and the official-capacity claims in Count 1. Those claims are **DISMISSED** as to Defendants Mabe and KSP. The motion is **DENIED** as to the assault and battery claims in Count 2. Turner is **DIRECTED** to show cause as to why the claims against the Commonwealth of Kentucky should not be dismissed for the reasons set forth in this Order. Turner shall respond to the Court's order within **ten (10) days**.

This matter is referred to Magistrate Judge Regina S. Edwards to schedule a status conference with the parties.

February 23, 2021

David J. Hale, Judge
United States District Court